# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

January 11, 2022

*VIA ECF*
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re:    *M.D. et al. v. N.Y.C. Dep't of Educ., et al.*, 21-cv-7139 (JPC)

Dear Judge Cronan:

      I represent the Plaintiff in the above-referenced case and write jointly with counsel for the Defendants to respectfully request an adjournment of the initial conference scheduled for ***January 12, 2022 at 2:30 pm*** (and a *nunc pro tunc* adjournment of the late joint letter and Case Management Plan), for the reasons discussed below.  The parties sincerely apologize for the last-minute request and failure to file the joint submission.

      In this action, Plaintiff M.D. alleges, *inter alia*, that the New York City Department of Education ("DOE"), Chancellor Meisha Porter and the New York City Board of Education ("BOE") (collectively "Defendants" or "DOE") failed to fully implement orders of administrative hearing officers and denied the student's right to stay-put services (also called "Pendency") under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1400 *et seq*.[1]  Additionally, this action raises systemic claims and brings claims pursuant to the Due Process Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, and 29 U.S.C. §794 ("Section 504").

      Unlike some IDEA cases which appeal the final decision of a State Review Officer, this case concerns Defendants' implementation of prior hearing orders and O.D.'s pendency, individually and systemically.  More specifically, Plaintiff M.D. is the parent of O.D., a 24-year-old young man with a neurological speech-language disorder and mild intellectual disability.  Plaintiff M.D. filed an administrative hearing under the IDEA concerning O.D.'s 2015-2016 through 2017-2018 school years, in which the Impartial Hearing Officer issued a Findings of Fact and Decision favorable to Plaintiff.  Plaintiff seeks compensatory education and equitable relief for Defendants' failure to implement favorable administrative orders and pendency.

      By Order dated November 2, 2021, ECF No. 17, Your Honor referred this case for mediation.  In mid-December, the mediator contacted the parties about scheduling a mediation

---

[1] The parties move to substitute Chancellor David Banks in his official capacity for Defendant Chancellor Meisha Porter in her official capacity pursuant to Fed. R. Civ. Pro. 25(d).  The parties respectfully request an Order directing the Clerk of the Court to amend the docket accordingly.

1115 BROADWAY, 12TH FL.      42 WEST 24TH STREET, 2ND FLOOR
NEW YORK, NY 10010      NEW YORK, NY 10010
WWW.SPECIALEDLAWYER.COM

session. At that time, however, Defendants' counsel, Brian Krist, informed us that he would be leaving Corporation Counsel in January, 2022. Last week, the parties and the mediator agreed to defer mediation until new counsel was assigned and had an opportunity to review the case.

The parties are interested in pursuing the possibility of settlement via the Court's mediation program but need additional time to do so. Moreover, Defendants will need time to seek Comptroller authority to negotiate settlement of Plaintiff's attorneys' fees and costs for the underlying IDEA administrative actions and the instant case.[2] While the case is on a settlement and mediation track, the parties do not wish to devise a discovery plan needlessly and expend the Court's time.

Due to a confluence of unfortunate factors, the parties missed the Court's deadline to submit their joint letter and Case Management Plan in advance of tomorrow's initial conference. In addition to Mr. Krist's transitioning out of the office, Mr. Krist had a family medical emergency and child care issues last week. Additionally, both parties erroneously miscalendared the submission and initial conference dates.

For these reasons, the parties respectfully request a *nunc pro tunc* extension of time to submit the joint letter and Case Management Plan and an adjournment of the initial conference scheduled for January 12, 2022 to allow the parties to explore the possibility of settlement through mediation. This is the parties' first request for an extension of time and adjournment of the conference. The parties propose submitting a status letter in 60 days, or no later than March 11, 2022 as to our progress in mediation and settlement.

We thank the Court for considering this request and again apologize for missing the Court's deadline and the lateness of this request.

Respectfully Submitted,

THE LAW OFFICE OF ELISA HYMAN, P.C.

By: *Erin O'Connor*

Erin O'Connor, Esq., Of Counsel
*Counsel for Plaintiff*

The request is granted, and the Initial Pretrial Conference previously scheduled for January 12, 2022 is adjourned *sine die*. The parties shall submit a status letter on the progress of settlement and mediation by March 11, 2022.

SO ORDERED.
Date: January 12, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[2] The parties have successfully negotiated settlements involving fees and costs without court intervention in numerous cases and are optimistic that we would be able to do so here.

2